**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DOREEN VAN BUREN, et al.,** ) | CASE NO. 1:17-CV-02584 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **PPG INDUSTRIES, INC.** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant's Motion to Dismiss Party Plaintiff Steven Van Buren and Public Policy Claims. Doc #: 10. This action stems from the termination of Doreen Van Buren from PPG Industries, Inc., on November 11, 2016. For the reasons discussed below, Defendant's Motion is **GRANTED**.

**I.   Background**

Plaintiff Doreen Van Buren ("Ms. Van Buren") is a former employee of Defendant PPG Industries, Inc. ("PPG"). She worked as a Development Assistant in PPG's Cleveland plant for over 38 years. Doc #: 9, ¶ 19. Sometime in 2013, Ms. Van Buren noticed safety concerns within the plant, which she reported to her immediate supervisors. Doc #: 9, ¶ 16. These safety concerns included open wiring and running water near electrical outlets. *Id.* Ms. Van Buren

alleges that these unsafe conditions went on without repair until she reported them to PPG's regional management. *Id.* Although these hazards were eventually addressed and corrected, Ms. Van Buren alleges that she was subject to discrimination and harassment as a result of reporting these hazards directly to PPG's regional management. *Id.*

Ms. Van Buren asserts that the harassment and discrimination that she experienced began in 2015, by her direct supervisor, Jeffrey Clark. Doc #: 9, ¶ 16. Such harassment and discrimination included Ms. Van Buren being denied overtime hours in other departments within plant, despite her ability to competently work in these departments; being threatened with sanctions if she attempted to work overtime in other departments; the denial of promotions or other financial incentives; and being publicly degraded in front of her peers. Doc #: 9, ¶ 14–15.

In 2015, Ms. Van Buren was placed on probationary status for violating PPG's employment practices, which she asserts was implemented without justification. Doc #: 9, ¶ 13. As a result of her probationary status, Ms. Van Buren was subject to a performance improvement plan. In addition, she was deprived of performance bonuses, as well as other financial incentives, which were offered to her male counterparts who allegedly had less experience. *Id.* Ms. Van Buren further asserts that she was "spied on" by another employee, which she alleges was done simply to further harass her. *Id.*

In response to the conduct exhibited by her superiors, Ms. Van Buren sought assistance from PPG's Human Resources Department, but this conduct allegedly continued. Doc #: 9, ¶ 18. Ms. Van Buren then went through PPG's "chain of command" to report the conduct in question, however, she alleges that PPG's management turned a blind eye. *Id.* On or about November 11, 2016, Ms. Van Buren was terminated from her employment with PPG. Doc #: 9, ¶ 19.

Ms. Van Buren, along with her husband Steven Van Buren ("Mr. Van Buren"), filed suit against PPG on November 8, 2017 in the Cuyahoga Court of Common Pleas, Case No. CV-17-888714. Doc #: 1. PPG filed its Notice of Removal on December 12, 2017. Doc #: 1. PPG filed a combined partial motion to dismiss and motion for more definite statement on December 19, 2017. Doc #: 4. Plaintiffs filed a Response on January 22, 2018 and requested leave to file an Amended Complaint. Doc #: 5. The Court granted Plaintiffs leave until January 26, 2018 to file an Amended Complaint. Doc #: 6. Plaintiffs filed their First Amended Complaint on January 26, 2018. Doc #: 7. The Court ordered Plaintiffs to correct the deficiencies in their First Amended Complaint by January 31, 2018. Doc #: 8. On that day, Plaintiffs filed their Second Amended Complaint (the "SAC"). Doc #: 9. In the SAC, Ms. Van Buren alleges claims of wrongful termination in violation of public policy, wrongful termination, and gender discrimination. Mr. Van Buren alleges a loss of consortium claim. PPG filed its second partial motion to dismiss on February 13, 2018. Doc #: 10. Plaintiffs filed their Response on March 15, 2018. Doc #: 11. PPG filed its Reply on March 29, 2018. Doc #: 13. PPG's motion, fully briefed, is now before the Court.

## II.     Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id*. at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal

evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotation marks omitted). The Court must accept as true all well-pled material allegations in the complaint and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. Analysis

In its Motion to Dismiss, PPG first seeks to dismiss Steven Van Buren as a party to this action. PPG also seeks to dismiss Ms. Van Buren's claim for wrongful termination in violation of public policy. The Court will address each argument in turn.

#### A. Steven Van Buren

Mr. Van Buren's only claim is that he suffered loss of consortium as a result of the emotional pain that his wife experienced from her termination. Doc #: 9, ¶ 49. PPG argues that Mr. Van Buren cannot state a loss of consortium claim because the Van Burens fail to allege facts that PPG caused Ms. Van Buren to suffer any physical or bodily injuries. Doc #: 10.

In Ohio "a claim for loss of consortium is derivative in that the claim is dependent upon the defendant[] having committed a legally cognizable tort upon the spouse who suffers bodily injury." *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 790–91 (6th Cir. 2007) (citing *Bowen v. Kil-Kare, Inc.*, 585 N.E.2d 384, 392 (1992)). Ohio courts have consistently held that the term "bodily injury" does not include emotional harm. *Id.* at 791. Thus, if a plaintiff fails to allege that he or she has sustained any bodily injury, a spouse may not bring a loss of consortium claim. *See Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 903–04 (N.D. Ohio 2010) (dismissing plaintiff's loss of consortium claim when spouse, whose wife was allegedly wrongfully terminated, could not show bodily injury).

The Van Burens fail to allege any facts that Ms. Van Buren suffered physical injury as a result of PPG's conduct. Plaintiffs allege that:

> Plaintiff [] suffered emotion distress and embarrassment due to the discrimination and harassment that she experienced. Plaintiff Steven Van Buren also suffered loss of consortium as a result of the emotional pain and injury experienced by his wife.

Doc #: 9 at ¶ 49. So, Plaintiffs allege emotional harm but do not allege the required physical harm. In their Response, Plaintiffs argue that they can show physical injuries and manifestations of bodily injury. Opp. 3. Plaintiffs have had four chances (their Complaint, First Amended Complaint, SAC, and Response brief) to specify a physical injury. Ms. Van Burn has failed to do so. Thus, Mr. Van Buren cannot state a claim for loss of consortium and his claim must be dismissed.

### B. Wrongful Termination in Violation of Public Policy

In her first cause of action, Ms. Van Buren asserts a tort claim for wrongful termination in violation of public policy. Doc #: 9, ¶ 24. Ms. Van Buren alleges that PPG terminated her because she reported various safety concerns to PPG's regional management. Doc #: 9, ¶ 28. She alleges that PPG's retaliatory behavior violates the public policies embodied in Ohio Rev. Code 4113.52 ("Ohio Whistleblower Act"). *Id.*; Doc #: 11. PPG seeks to dismiss Ms. Van Buren's wrongful termination in violation of public policy claim, arguing that she has failed to meet § 4113.52's statutory reporting requirements and other necessary elements. Doc #: 10. The Court agrees that § 4113.52's applicability in a wrongful termination in violation of public policy claim is reserved for employees who have fully complied with the Act's administrative and reporting requirements.

Under Ohio's employment-at-will doctrine, an employer may legally terminate an employment relationship at any time and for any reason. *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 529 (2002). However, Ohio recognizes a public policy exception to the employment-at-will doctrine when an employee is terminated for a reason prohibited by statute. *McGowan v. Medspace, Inc.*, 81 N.E.3d 435, 436 (2017) (citing *Greeley v. Miami Valley Maint. Contrs., Inc.*, 551 N.E.2d 981, 981 (1990)). "[A]n at-will employee who is discharged . . . in violation of the public policy embodied in [Ohio Rev. Code] 4113.52 may maintain a common-law cause of action against the employer . . . so long as that employee had *fully complied with the statute*[.]" *Kulch v. Structural Fibers, Inc.*, 677 N.E.2d 308, 329 (1997) (emphasis added).

Section 4113.52's statutory requirements include: (1) "orally notify[ing a] supervisor of the violation"; (2) "fil[ing] . . . a written report providing sufficient detail to identify and describe the violation"; (3) "giv[ing] the employer [a chance] to correct (or make a good faith effort to correct) the violation"; and (4) fil[ing] suit within 180 days after the date the disciplinary or retaliatory action was taken. *Avery v. Joint Twp. Dist. Mem'l Hosp.*, 504 F. Supp. 2d 248, 254–255 (S.D. Ohio 2007); § 4113. 52(A), (D). Fully complying with § 4113. 52's requirements is essential to a wrongful termination in violation of public policy claim. *See Avery*, 504 F. Supp. 2d at 254–255 (dismissing a wrongful termination in violation of public policy claim when plaintiff failed to file a written report with her supervisors and when plaintiff also failed to file her lawsuit within 180 days after her termination).

Ms. Van Buren fails to allege facts showing that she fully complied with the administrative and reporting requirements set forth by § 4113.52. First, Ms. Van Buren does not

allege that she ever filed a written report with her supervisors or superiors. Ms. Van Buren also fails to allege that PPG did not repair the hazards she reported within a reasonable amount of time. To the contrary, the SAC indicates that all of her reported safety hazards were timely corrected after she reported these hazards to her regional supervisors. Doc #: 9, ¶ 16. Ms. Van Buren also received public recognition, as well as a safety award, for reporting these hazards. *Id*. Additionally, Ms. Van Buren concedes that she did not file a claim within 180 days, in accordance with § 4113.52(D). Doc #: 9, ¶ 24; Doc #: 11. Because Ms. Van Buren has failed to allege facts that show her compliance with § 4113.52's statutory requirements, she cannot maintain an action for wrongful termination in violation of public policy. Accordingly, this claim is dismissed.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** PPG's Motion to Dismiss Steven Van Buren as a party to the instant action. The Court also **GRANTS** PPG's Motion to Dismiss Doreen Van Buren's wrongful termination in violation of public policy claim.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster  Apr. 24, 2018*
**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**